**FOX ROTHSCHILD LLP**
**100 Park Avenue, Suite 1500**
**New York, New York 10017**
**(212) 878-7900**
**Fax: (212) 692-0940**
**Attorneys for Defendant Maquet Cardiovascular LLC**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES, LLC., a/s/o A.M. and C.F., | Case No.: 13-CV-01473(SRC)(CLW) |
| Plaintiff, | |
| -v.- | |
| MAQUET CARDIOVASCULAR, LLC., ABC CORP. (1-10)(fictitious entities), | **ANSWER WITH AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT** |
| Defendants. | |
| MAQUET CARDIOVASCULAR, LLC., | |
| Third-party Plaintiff, | |
| -v- | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | |
| Third-party Defendant. | |

NOW COMES Defendant Maquet Cardiovascular, LLC. (hereinafter "Maquet"), by and through counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, and files the within as its Answer to Plaintiff's Complaint, with Affirmative Defenses, and Third-Party Complaint against Horizon Blue Cross Blue Shield of New Jersey;

## ANSWER

### As to the Parties

1. Maquet (improperly identified as "Marquet" through the Complaint) denies for want of knowledge the allegations of paragraph 1 of the Complaint.

2. Maquet admits the allegations of paragraph 2 of the Complaint.

3. Maquet admits the allegations of paragraph 3 of the Complaint to the extent it does business in New Jersey, but otherwise denies the legal conclusions contained in paragraph 3 of the Complaint.

4. Maquet admits the allegations of paragraph 4 of the Complaint.

5. Maquet denies for want of knowledge the allegations of paragraph 5 of the Complaint.

6. Maquet denies for want of knowledge the allegations of paragraph 6 of the Complaint.

7. Maquet denies for want of knowledge the allegations of paragraph 7 of the Complaint.

### As to the Substantive Allegations

8. Maquet denies the allegations of paragraph 8 of the Complaint.

9. Maquet denies for want of knowledge the allegations of paragraph 9 of the Complaint.

10. Maquet denies the allegations of paragraph 10 of the Complaint.

11. Maquet denies the allegations of paragraph 11 of the Complaint.

12. Maquet denies for want of knowledge the allegations of paragraph 12 of the Complaint.

NY1 635767v1 03/10/13

13. Maquet denies for want of knowledge the allegations of paragraph 13 of the Complaint.

14. Maquet denies any liability to the Plaintiff as asserted in paragraph 14 of the Complaint.

15. Maquet denies the allegations of paragraph 15 of the Complaint.

16. Maquet admits the allegations of paragraph 15 of the Complaint and specifically asserts that the plan has paid in the correct amount under the terms of the plan.

17. Maquet denies any liability to the Plaintiff as asserted in paragraph 17 of the Complaint.

### As to the First Count

18. In response to paragraph 18 of the Complaint, Maquet avers or denies the allegations of the Complaint as more fully set forth above.

19. Maquet states that paragraph 19 is a conclusion of law subject to determination by this Court.

20. Maquet admits the allegations of paragraph 20 of the Complaint to the extent it sponsors and administers and employee welfare benefit plan, but denies any other allegation of paragraph 20 of the Complaint for want of knowledge.

21. Maquet admits the allegations of paragraph 21 of the Complaint to the extent it is a fiduciary of the plan, but otherwise denies any legal conclusions contained therein.

22. Maquet admits the allegations of paragraph 22 of the Complaint to the extent it is a fiduciary of the plan, but otherwise denies any legal conclusions contained therein.

23. Maquet admits the allegations of paragraph 23 of the Complaint to the extent it is a fiduciary of the plan, but otherwise denies any legal conclusions contained therein.

24. Maquet denies for want of knowledge the allegations of paragraph 24 of the Complaint.

25. Maquet denies for want of knowledge the factual allegations of paragraph 25 of the Complaint and otherwise denies the allegations as legal conclusions subject to determination by this Court.

26. Maquet denies for want of knowledge the factual allegations of paragraph 26 of the Complaint and otherwise denies the allegations as legal conclusions subject to determination by this Court.

27. Maquet denies for want of knowledge the factual allegations of paragraph 27 of the Complaint and otherwise denies the allegations as legal conclusions subject to determination by this Court.

28. Maquet denies the allegations of paragraph 28 of the Complaint.

29. Maquet denies the allegations of paragraph 29 of the Complaint.

30. Maquet denies the allegations of paragraph 30 of the Complaint.

31. Maquet denies the allegations of paragraph 31 of the Complaint and otherwise denies any liability to the Plaintiff as plead.

**As to the Second Count**

32. In response to paragraph 32 of the Complaint, Maquet avers or denies the allegations of the Complaint as more fully set forth above.

33. Maquet denies the allegations of paragraph 33 of the Complaint.

34. Maquet denies the allegations of paragraph 34 of the Complaint.

35. Maquet denies the allegations of paragraph 35 of the Complaint.

36. Maquet admits the allegations of paragraph 36 of the Complaint.

NY1 635767v1 03/10/13

37.    Maquet denies the allegations of paragraph 37 of the Complaint.

39.    Maquet denies the allegations of paragraph 39 of the Complaint and otherwise denies any liability to Plaintiff as plead.

### As to the Third Count

39.    In response to paragraph 39 of the Complaint, Maquet avers or denies the allegations of the Complaint as more fully set forth above.

40.    Maquet denies the allegations of paragraph 40 of the Complaint.

41.    Maquet denies the allegations of paragraph 41 of the Complaint.

42.    Maquet denies the allegations of paragraph 42 of the Complaint.

43.    Maquet denies the allegations of paragraph 43 of the Complaint and otherwise denies any liability to Plaintiff as plead.

### As to the Fourth Count

44.    In response to paragraph 44 of the Complaint, Maquet avers or denies the allegations of the Complaint as more fully set forth above.

45.    Maquet denies for want of knowledge the allegations of paragraph 45 of the Complaint and otherwise denies any liability to Plaintiff as plead.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Some or all of Plaintiff's claims are barred by the application of ERISA.

3.    Plaintiff's claims are barred by a failure to exhaust administrative remedies

4.    Plaintiff's claims are barred by the applicable statute of limitations.

5.    Some or all of Plaintiff's damages, if any, are a result of the Plaitiff's own failures, actions, inactions or omissions.

NY1 635767v1 03/10/13

6. Plaintiff's damages, if any, are a result of the actions, inactions or omissions of a third party over which Maquet has or had no control.

7. Plaintiff's claims are barred by the doctrines of Estoppel, Laches and/or Accord and Satisfaction.

8. Maquet specifically reserves the right to amend, modify or supplement these affirmative defenses.

WHEREFORE, having full responded to Plaintiff's Complaint, Maquet prays that this Court dismiss Plaintiff's claim, with prejudice, and for any other equitable relief deemed just and appropriate by this Court.

## THIRD PARTY COMPLAINT

Third-party Plaintiff Maquet brings this Complaint against Third-party Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") as follows:

1. At all times material herein, Maquet was the sponsors of a self-insured employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq.

2. At all times material herein, Maquet had retained the services of Horizon as a Claim Administrator and adjudicator of claims pursuant to an Administrative Services Agreement.

3. Pursuant to the terms of the aforementioned Agreement, Horizon was required to administer, calculated and adjudicate payment of claims on behalf of Maquet and the plan.

4. Pursuant to the terms of the aforementioned Agreement, Horizon retained authority to interpret the plan and to determine all questions in connection with administration and application of the provisions of the plan, including payment of claims.

NY1 635767v1 03/10/13

5.     Pursuant to the terms of the aforementioned Agreement, Horizon was a fiduciary of the plan.

6.     Pursuant to the terms of the aforementioned Agreement, Horizon was responsible for making determinations as to appropriate payment amount for claim incurred by plan participants and to make said payments from plan assets.

7.     Pursuant to the terms of the aforementioned Agreement, Horizon has agreed to indemnify Maquet for any claims asserted against Maquet arising from Horizon's negligence, imprudence or misconduct.

### Count One: Breach of Contract

8.     Maquet incorporates by reference all of the allegations of paragraph 1 through 7 of this Third-party Complaint as if full rewritten herein.

9.     At all times material herein, all communications between medical service providers and the plan, including Patient Care Associates, LLC, were handled directly Horizon.

10.    All bills submitted by medical care providers to the plan for payment, including bills from Patient Care Associates, LLC, were directed to and adjudicated by Horizon.

11.    On in formation and belief, Maquet states that the medical bills claimed by Patient Care Associated, LLC, to be underpaid by the plan were received by, adjudicated by and paid by Horizon from plan assets.

12.    Horizon had a contractual obligation to process, adjudicate and pay the claims for providers in accordance with the terms of the plan.

13.    To the extent any claims submitted by Patient Care Associates, LLC., were adjudicated or paid in a manner in consistent with the terms of the plan, Horizon has breached its contract with Maquet for plan administration.

NY1 635767v1 03/10/13

14. As a direct and proximate result of Horizon's breach of the contract with Maquet, Maquet has been damaged and subject to the claims asserted by the Plaintiff herein.

### Count Two: Indemnification

15. Maquet incorporates by reference all of the allegations of paragraph 1 through 14 of this Third-party Complaint as if full rewritten herein.

16. Any communication between Patient Care Associates, LLC, were handled directly Horizon, including any representations related to plan payment.

17. To the extent any misrepresentations were made to Patient Care Associates, LLC, regarding benefits payable under the terms of the plan, said representations were made by Horizon and were made contrary to the provisions of the Administrative Services Agreement between Maquet and Horizon.

18. Pursuant to the terms of the aforementioned Agreement, Horionz has agreed to indemnify Maquet for any claims made against it arising from the negligence or imprudence of Horizon.

19. To the extent Horizon has made misrepresentations to Patient Care Associates, LLC, regarding the plan, benefits available under the plan, or amounts to be paid by the plan, such representations would be negligent or imprudent.

20. To the extent Horizon has failed to properly apply the terms of the plan, has failed to properly calculate benefits under the terms of the plan or has otherwise not properly adhered to its obligations to the plan, such actions, inactions or omissions would be negligent or imprudent.

21. To the extent Maquet my be liable for any damages to the Plaintiff as asserted, Maquet is entitled to indemnification from Horizon.

WHEREFORE, Third-party Plaintiff Maquet prays that, in the event that Maquet is determined to the liable to the Plaintiff for any damages, that Third-party Defendant Horizon be liable to Maquet for those damages; for indemnification and reimbursement for costs and expenses incurred by Maquet for Third-party Defendant's breach of contract; for indemnification under the terms of the Administrative Services Agreement; and for any other relief deemed equitable and appropriate by this Court.

        Respectfully submitted,
        FOX ROTHSCHILD LLP
        Attorneys for Maquet Cardiovascular, LLC

        By: _____
        Keith R. McMurdy

Dated: March 11, 2013

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this date I caused copies of the foregoing Answer and Third-Party Complaint to be served upon the parties named below via overnight delivery:

TO:   Horizon Blue Cross Blue Shield of NJ          Andrew R. Bronsnick, Esq.
      3 Penn Plaza East                             Massood & Bronsnick, LLP
      Newark, New Jersey 07105                      50 Packanack Lake Road East
                                                    Wayne, New Jersey 07470

                                                    _____
                                                    Keith R. McMurdy

Dated: March 13, 2013